THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-00544-D

| | |
|---|---|
| MILTON S.C. MAYS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND** |
| ) | **MEMORANDUM AND** |
| US DEPARTMENT HUD SECTION 8 ) | **RECOMMENDATION** |
| and US ATTORNEY GENERAL, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on *pro se* Plaintiff's application to proceed *in forma pauperis* [DE-1] and for frivolity review under 28 U.S.C. § 1915. Plaintiff's monthly expenses exceed his monthly income. Thus, the Court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and his application to proceed *in forma pauperis* is allowed. However, notwithstanding the determination that a plaintiff is entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

After careful review of Plaintiff's Complaint [DE-1-1], and giving due consideration to Plaintiff's *pro se* status, the Court concludes that the complaint fails to state a claim upon which

1

relief may be granted. Accordingly, for the reasons that follow, the Court **RECOMMENDS** that the complaint be **DISMISSED**.

Plaintiff has named as Defendants in this action the "US DEPARTMENT HUD SECTION 8" and the "US ATTORNEY GENERAL." Compl. at 1 [DE-1-1]. Plaintiff alleges that he was "given a check for $129.00 for 11 months" but was then "told by the HUD representive [sic] Section 8 that they wanted their money back." *Id.* at 2. Plaintiff has provided the Court with documentation which indicates that he currently receives $951.00 per month in Social Security funds, that his rent is $600.00 per month, and that his current expected contribution for rent under the Section 8 program is $190.00 per month. Misc. Docs. at 6, 8 [DE-1-2]. It appears that his rent and Section 8 contribution amounts have remained stable for at least the last year. *Id.* at 6. He has also attached documentation in support of his statement that he is in debt for over $97,000.00 to the United States Department of Education as a result of attending Empire State College in New York. *Id.* at 1, 7.

It is not clear from the materials before the Court what the $129.00 per month that Plaintiff allegedly received from the Section 8 program for 11 months was for or how, when, and why the Section 8 program has requested that he repay this amount. However, it does appear that Plaintiff's chief complaint is that he is unable to pay both his $190.00 per month expected contribution going forward and reimburse the Section 8 program for 11 months worth of $129.00 payments, in light of his large amount of outstanding debt to the United States Department of Education, among other obligations. Plaintiff claims that he is "unable to pay at the moment" but does not want his Social Security check to be garnished or his rent subsidy to be changed, and thus asks the Court for an injunction to prevent this result. Compl. at 2-3. He asserts negligence as the basis for jurisdiction in this Court, alleging that "the defendants failed to do

2

what a [sic] ordinary person of prudence would have done under silmar [sic] circumstances." Civil Cover Sheet at 1 [DE-1-4]; Misc. Docs. at 1.

The Court finds that Plaintiff has failed to state a claim upon which relief may be granted. The only basis for jurisdiction that Plaintiff has alleged in his complaint is negligence. However, a cause of action for negligence arises under state tort law, and Plaintiff has alleged facts in support of neither the diversity of citizenship nor the amount in controversy which would be required to bring such a claim in federal court. *See* 28 U.S.C. § 1332. Furthermore, Plaintiff has not requested money damages, but an injunction, without giving the Court any basis to hand down such relief. Similarly, Plaintiff has alleged neither facts which would give rise to a negligence claim under the Federal Tort Claims Act, nor any other obvious basis for federal question jurisdiction. *See* 28 U.S.C. § 1331. Accordingly, the Court finds that Plaintiff has failed to allege a valid basis for jurisdiction in this Court and, therefore, has failed to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed *in forma pauperis* [DE-1] is **GRANTED**. However, the Court **RECOMMENDS** that the Complaint [DE-1-1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon

grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 24th day of February, 2012.

/s/ David W. Daniel
DAVID W. DANIEL
United States Magistrate Judge